Lynelle J. Slivinski (LS 1210)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
lynelle.slivinski@ogletreedeakins.com

Attorneys for Defendants
Schwartzberg Associates, LLC, and
Cypress Administrative Services, LLC

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

MICHELE CARUSO,                       :

                         Plaintiff,   :

v.                                    :

SCHWARTZBERG COMPANIES,               :
SCHWARTZBERG ASSOCIATES, LLC,         :
and TAMARAC ADMINISTRATIVE            :
SERVICES, LLC,                        :

                         Defendants.  :

---------------------------------------------------

Hon.
Case No. **08 CIV. 0206**

*Civil Action*

**NOTICE OF REMOVAL**

JUDGE ROBINSON


**TO:   CHIEF JUDGE AND JUDGES OF
        THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK**


**ON NOTICE TO:**

David S. Halsband, Esq.                Michael Tsang, Esq.
Halsband Law Offices                   Tsang Law Firm, P.C.
39 Hudson Street, 4th Floor            14 Wall Street, 22nd Floor
Hackensack, New Jersey 07601           New York, New York 10005
Co-Counsel for Plaintiff               Co-Counsel for Plaintiff

Clerk
Supreme Court of the State of New York
County of Dutchess
10 Market Street
Poughkeepsie, New York 12601

**HONORABLE JUDGES:**

Defendants, Schwartzberg Associates, LLC, and Cypress Administrative Services, LLC (improperly pled as Tamarac Administrative Services, LLC), notice the removal of this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 to the United States District Court for the Southern District of New York, and as grounds therefore shows as follows:

<u>**TIMELINESS OF REMOVAL**</u>

1.    On December 4, 2007, plaintiff Michele Caruso filed a civil action against defendants Schwartzberg Companies, Schwartzberg Associates, LLC, and Tamarac Administrative Services, LLC, in the Supreme Court of New York, County of Dutchess, entitled *Michele Caruso v. Schwartzberg Companies, et al.*, Index No. 8253/07 (the "state court action"), which asserts claims of retaliation under Title VII of the Civil Rights Act of 1964, as amended, and the New York State Human Rights Law. A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit A.

2.    The first notice received by defendants of the state court action occurred on December 11, 2007, when they were personally served with copies of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as Exhibit B.

3.    Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after defendants received a copy of the initial pleadings in the state court action.

## BASIS FOR REMOVAL – FEDERAL QUESTION

4.     This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.     This action is properly removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1446 because the United States District Court has original jurisdiction under 28 U.S.C. § 1331, which provides: "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     In her Complaint, plaintiff alleges that defendants violated Title VII, a federal statute, by retaliating against her. *See Exhibit A, Second Cause of Action.*

7.     Thus, there are federal questions for purposes of jurisdiction conferred by 28 U.S.C. § 1331.

## CONCLUSION

8.     Because plaintiff has raised questions of federal law for purposes of jurisdiction conferred by 28 U.S.C. § 1331, her state court action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

9.     Though Schwartzberg Companies is a named defendant, it is not a legal entity. Therefore, defendants are the only defendants in this action and they have not previously sought similar relief.

10.    To date, defendants have not filed responsive pleadings in the state court action, and no other proceedings have transpired in that action.

11.    In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served upon plaintiff and filed with the Clerk of the Supreme Court of New York, County of Dutchess.

**WHEREFORE**, defendants Schwartzberg Associates, LLC, and Cypress Administrative

Services, LLC, respectfully request that this Honorable Court take jurisdiction of this action and

issue all necessary orders and process to remove said action from the Supreme Court of New

York, County of Dutchess, to the United States District Court for the Southern District of New

York.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendants Schwartzberg Associates,
LLC, and Cypress Administrative Services, LLC

Date: January 9, 2008                    By: *Lynelle J Slivinski*

521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
lynelle.slivinski@ogletreedeakins.com

5412449.1 (OGLETREE)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X

MICHELE CARUSO,

                    Plaintiff,

-against-

SCHWARTZBERG COMPANIES,
SCHWARTZBERG ASSOCIATES, LLC, and
TAMARAC ADMINISTRATIVE SERVICES, LLC,

                    Defendants.

------------------------------------------------------------X

**VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL**

**INDEX NUMBER:**

8253/07

      Plaintiff, Michele Caruso, by her attorneys, Halsband Law Offices, alleges for her Complaint as follows:

**JURY DEMAND**

    1.  Plaintiff, Michele Caruso, demands a trial by jury of all issues in this action.

**NATURE OF ACTION**

    2.  Plaintiff seeks to recover damages against Defendants, Schwartzberg Companies, Schwartzberg Associates, LLC, and Tamarac Administrative Services, LLC (collectively, all Defendants are referred to as "Defendants"), for unlawful retaliatory employment practices in violation of the New York State Human Rights Law, Section 290 et seq. of the Executive Law of the State of New York (hereinafter, "Human Rights Law"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., (as amended) ("Title VII").

    3.  The Plaintiff received her Notices of Right to Sue from the Equal Employment Opportunity Commission dated September 5, 2007 and September 12, 2007 as to her Title VII claims.

## PARTIES

4. Plaintiff is an adult female and currently resides at 9 Van Cortlandt Circle, Beacon, New York.

5. Upon information and belief, Defendants are, and all times mentioned hereinafter were, corporations or other business entities authorized to do business pursuant to the laws of the State of New York.

6. Defendants maintain a place of business at 44 S. Broadway, Suite 614, White Plains, New York.

7. At all relevant times, Defendants employed Plaintiff.

8. Defendants are each an "employer" as defined in Section 292(5) of the Human Rights Law.

9. Defendants are each an "employer" under Title VII as each is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Defendants jointly controlled the terms and conditions of the Plaintiff's employment.

## FACTS

11. Plaintiff began her employment with Defendants in their Payroll Department on or about November 27, 2006.

12. At all relevant times, the Plaintiff performed her duties satisfactorily.

13. Plaintiff is a Caucasian.

14. Leslin Frasier, a black employee of the Plaintiff, treated the Plaintiff differently and in an inferior and less favorable manner than she treated non-Caucasian employees.

2

15. The Plaintiff reasonably believed this different, inferior and less favorable treatment was unlawful race discrimination.

16. The Plaintiff reported what she believed to be unlawful race discrimination to her supervisor, Loreen Kelly, and to Alicia Cochran of Defendants' Human Resources Department.

17. The Plaintiff also reported what she believed to be unlawful race discrimination to Defendants' General Counsel Max Stolzberg.

18. Soon thereafter, the Defendants retaliated against the Plaintiff for her complaint opposing unlawful race discrimination by unjustly criticizing her work performance.

19. On or about January 18, 2007, the Plaintiff informed Ms. Cochran that she had sought legal advice relating to the unlawful race discrimination and retaliation by Defendants.  On January 19, 2007, the Plaintiff informed Mr. Stolzberg of this as well.

20. On January 22, 2007, in retaliation for the Plaintiff opposing unlawful race discrimination, the Defendants terminated her employment.

21. Ms. Cochran told the Plaintiff that she was being terminated "due to all of our conversations," which is a reference to the Plaintiff's opposition to unlawful discrimination.

22. The Defendants' termination of the Plaintiff was unlawful retaliation under Title VII and the Human Rights Law.

23. As a result of the foregoing, the Plaintiff has lost pay and benefits, suffered humiliation, embarrassment, and mental and physical anguish.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL RETALIATION

24. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

3

Dec 06 07 03:23p                                                    p.8

25. By and through their course of conduct as alleged above, each of the Defendants and their agents willfully violated the Human Rights Law by retaliating against the Plaintiff for her opposition to unlawful race discrimination.

26. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION UNDER TITLE VII LAW FOR UNLAWFUL RETALIATION

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. By and through their course of conduct as alleged above, each of the Defendants and their agents willfully violated Title VII by retaliating against the Plaintiff for her opposition to unlawful race discrimination.

29. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

(a)   accepts jurisdiction over this matter;

(b)   impanels and charges a jury with respect to the claims for relief; and

(c)   awards the following damages against Defendants;

   i.   Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to determined at trial;

   ii.  Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

4

iii.  Attorneys' fees, costs, and expenses as provided for by the applicable statutes;

iv.  Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
       November 27, 2007

                                    Respectfully submitted,

                                    HALSBAND LAW OFFICES

                        By:

                                    David S. Halsband, Esq.
                                    Attorneys for Plaintiff
                                    39 Hudson Street, 4th Floor
                                    Hackensack, New Jersey 07601
                                    (201) 487-6249
                                    -and- Co-Counsel for the Plaintiff
                                    Michael Tsang, Esq.
                                    Tsang Law Firm, P.C.
                                    14 Wall Street, 22nd Floor
                                    New York, New York 10005
                                    212.227.2246

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------X

MICHELE CARUSO,

                    Plaintiff,

-against-

SCHWARTZBERG COMPANIES,
SCHWARTZBERG ASSOCIATES, LLC, and
TAMARAC ADMINISTRATIVE SERVICES, LLC

                    Defendants.
-------------------------------------------------------X

**SUMMONS**

INDEX NO:          8253 /07

Plaintiff designates Dutchess
County as the place of trial

The basis of venue is the
Plaintiff's residence

Plaintiff resides at 9 Van Cortlandt Circle
Beacon, New York

To the above named Defendants:

     You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Hackensack, New Jersey
     November 27, 2007

              HALSBAND LAW OFFICES

By:

         David S. Halsband, Esq.
         Attorneys for Plaintiff
         39 Hudson Street, 4th Floor
         Hackensack, New Jersey 07601
         (201) 487-6249 --and-
         -and- Co-Counsel for the Plaintiff
         Michael Tsang, Esq.
         Tsang Law Firm, P.C.
         14 Wall Street, 22nd Floor
         New York, New York 10005
         212.227.2246

To:  Schwartzberg Companies    Schwartzberg Associates, LLC    Tamarac Administrative Services, LLC
     44 S. Broadway, Suite 614     44 S. Broadway, Suite 614      44 S. Broadway, Suite 614
     White Plains, New York       White Plains, New York        White Plains, New York

**PROOF OF SERVICE**
**(via hand delivery)**

I am over the age of 18 and not a party to this action.  On January 9, 2008, I caused a true

copy of the attached:

**NOTICE OF REMOVAL**

to be served on the party listed below, via hand delivery, to her attorneys of record at their last

known addresses as follows:

David S. Halsband, Esq.                   Michael Tsang, Esq.
Halsband Law Offices                      Tsang Law Firm, P.C.
39 Hudson Street, 4th Floor               14 Wall Street, 22nd Floor
Hackensack, New Jersey 07601              New York, New York 10005
Co-Counsel for Plaintiff                  Co-Counsel for Plaintiff


I declare under penalty of perjury that the foregoing statements made by me are true and

correct.

_Lynelle J. Slivinski_
Lynelle J. Slivinski

Dated:  January 9, 2008


5412449.1 (OGLETREE)

Lynelle J. Slivinski (LS 1210)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
lynelle.slivinski@ogletreedeakins.com

Attorneys for Defendants
Schwartzberg Associates, LLC, and
Cypress Administrative Services, LLC

U.S. DISTRICT COURT
FILED
JAN 0 9 2007
W.P
S.D. OF N.Y.

08 CIV. 0206

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JUDGE ROBINSON

------------------------------------------------
MICHELE CARUSO,                          :

                              Plaintiff,  :

v.                                        :

SCHWARTZBERG COMPANIES,                   :
SCHWARTZBERG ASSOCIATES, LLC,             :
and TAMARAC ADMINISTRATIVE                :
SERVICES, LLC,                            :

                              Defendants. :
------------------------------------------------

Hon. _____
Case No. _____

*Civil Action*

**DEFENDANTS' CORPORATE**
**DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel certifies as follows:

(1)  There is no parent corporation of defendant Schwartzberg Associates, LLC and that no publicly held corporation owns 10% or more of defendant Schwartzberg Associates, LLC's stock.

(2)  Cypress Health Care Holdings, LLC is the parent corporation of defendant Cypress Administrative Services, LLC (improperly pled as Tamarac Administrative Services, LLC).  No

publicly held corporation owns 10% or more of defendant Cypress Administrative Services, LLC's stock.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendants

By: *Lynelle Slivinski*
Lynelle J. Slivinski

Dated:    January 9, 2008

2

**PROOF OF SERVICE**
**(via hand delivery)**

I am over the age of 18 and not a party to this action.  On January 9, 2008, I caused a true

copy of the attached:

**DEFENDANTS' CORPORATE DISCLOSURE STATEMENT**

to be served on the party listed below, via hand delivery, to her attorneys of record at their last

known addresses as follows:

David S. Halsband, Esq.          Michael Tsang, Esq.
Halsband Law Offices             Tsang Law Firm, P.C.
39 Hudson Street, 4th Floor       14 Wall Street, 22nd Floor
Hackensack, New Jersey 07601     New York, New York 10005
Co-Counsel for Plaintiff         Co-Counsel for Plaintiff

I declare under penalty of perjury that the foregoing statements made by me are true and

correct.

Lynelle J. Slivinski

Dated:  January 9, 2008

5422802.1 (OGLETREE)

3