Lynelle J. Slivinski (LS 1210)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
lynelle.slivinski@ogletreedeakins.com

Attorneys for Defendants
Schwartzberg Associates, LLC, and
Cypress Administrative Services, LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

| | |
|---|---|
| MICHELE CARUSO, | Hon. Stephen C. Robinson, U.S.D.J. |
| | Case No. 7:08-cv-00206-SCR |
| Plaintiff, | |
| | *Civil Action* |
| v. | |
| | **ANSWER** |
| SCHWARTZBERG COMPANIES, | |
| SCHWARTZBERG ASSOCIATES, LLC, | |
| and TAMARAC ADMINISTRATIVE | **Document Filed Electronically** |
| SERVICES, LLC, | |
| | |
| Defendants. | |

-------------------------------------------------------

Defendants Schwartzberg Associates, LLC,[1] and Cypress Administrative Services, LLC

(improperly referred to by its former name Taramac Administrative Services, LLC),[2] by way of

Answer to plaintiff's Complaint herein say:

---

[1] "Schwartzberg Companies" is not a legal entity subject to suit.
[2] For purposes of this Answer, references to Cypress Administrative Services, LLC, encompass Taramac Administrative Service, LLC, for the time period before Taramac changed its name to Cypress.

## AS TO JURY DEMAND

1.      Defendants make no response to Paragraph 1 of the Complaint as it does not contain factual allegations that require a response.  To the extent a response is required, defendants deny the allegations of Paragraph 1.

## AS TO NATURE OF ACTION

2.      Defendants make no response to Paragraph 2 of the Complaint as it merely describes the nature and basis of plaintiff's suit and does not contain factual allegations that require a response.  To the extent a response is required, defendants deny the allegations of Paragraph 2 and deny that plaintiff is entitled to any relief in this matter.

3.      Defendants admit that the Equal Employment Opportunity Commission issued Notices of Right to Sue dated September 5, 2007 and September 12, 2007.  Except as expressly so stated, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and leave plaintiff to her proofs with respect thereto.

## AS TO PARTIES

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and leave plaintiff to her proofs with respect thereto, except to admit that plaintiff is an adult female.

5.      Defendants deny the allegations of Paragraph 5 with respect to "Schwartzberg Companies."  Except as expressly so stated, defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations of Paragraph 6 with respect to "Schwartzberg Companies." Except as expressly so stated, defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants admit that Cypress Administrative Services, LLC (formerly known as Tamarac Administrative Services, LLC), employed plaintiff from November 27, 2006 through January 22, 2007. Except as expressly so stated, defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants make no response to the allegations of Paragraph 8 of the Complaint as they call for a legal conclusion. To the extent a response is required, defendants deny the allegations of Paragraph 8.

9.      Defendants make no response to the allegations of Paragraph 9 of the Complaint as they call for a legal conclusion. To the extent a response is required, defendants deny the allegations of Paragraph 9.

10.      Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

### AS TO FACTS

11.      Defendants admit that plaintiff began her employment with Tamarac Administrative Services, LLC (now known as Cypress Administrative Services, LLC), in its Payroll Department on November 27, 2006. Except as expressly so stated, defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.      Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.      Defendants admit that Leslin Fraser is black. Except as expressly so stated, defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.    Defendants admit that plaintiff's employment was terminated on January 22, 2007.  Except as expressly so stated, defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

## AS TO "PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL RETALIATION"

24.    Defendants repeat their answers to Paragraphs 1 through 23 of the Complaint as if set forth at length herein.

25.    Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION UNDER TITLE VII FOR UNLAWFUL RETALIATION

27.    Defendants repeat their answers to Paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28.    Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief sought in the Wherefore clause of the Complaint, or to any relief at all.

## AFFIRMATIVE AND OTHER SEPARATE DEFENSES

Without assuming any burden of proof that would otherwise rest with plaintiff, defendants state the following defenses:

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, laches and /or applicable statutes of limitations.

## THIRD SEPARATE DEFENSE

All actions taken with regard to plaintiff were taken by Cypress Administrative Services, LLC, in good faith, for reasonable and legitimate business reasons, and were based on lawful, nondiscriminatory/nonretaliatory factors. Schwartzberg Associates, LLC, denies that it was plaintiff's employer, but to the extent it is determined to have been plaintiff's employer, it joins in this separate defense.

## FOURTH SEPARATE DEFENSE

Cypress Administrative Services, LLC, has made good faith efforts to comply with the law (and has not acted with willfulness, reckless disregard and/or malice toward plaintiff), thereby precluding recovery of any punitive damages sought by plaintiff. Schwartzberg Associates, LLC, denies that it was plaintiff's employer, but to the extent it is determined to have been plaintiff's employer, it joins in this separate defense.

### FIFTH SEPARATE DEFENSE

To the extent plaintiff has suffered any damage or injury, which is denied, plaintiff failed to mitigate her damages and her claims for relief, therefore, are barred.

### SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to attorneys' fees for her claims.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of plaintiff's unclean hands.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC).

### NINTH SEPARATE DEFENSE

To the extent plaintiff has failed to satisfy any conditions precedent which are necessary to maintain her claims, or failed to exhaust administrative claims, such claims are barred.

### TENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages and attorneys' fees under the New York State Human Rights Law ("NYSHRL") fails as such damages are not recoverable under the NYSHRL.

### ELEVENTH SEPARATE DEFENSE

Any amounts plaintiff may recover under Title VII are limited by the provisions of the Civil Rights Act of 1991.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages under Title VII, if any, are barred as plaintiff's allegations do not rise to the level of intentional discrimination necessary to support an award of punitive damages.

## THIRTEENTH SEPARATE DEFENSE

To the extent plaintiff seeks punitive damages, the Complaint violates defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New York.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff was an employee at will, and therefore, Cypress Administrative Services, LLC was free to terminate or modify the terms and conditions of her employment at any time, with or without cause, and with or without notice. Schwartzberg Associates, LLC, denies that it was plaintiff's employer, but to the extent it is determined to be plaintiff's employer, it joins in this separate defense.

## FIFTEENTH SEPARATE DEFENSE

No basis exists for the imposition of direct or vicarious liability on defendants.

## SIXTEENTH SEPARATE DEFENSE

To the extent plaintiff's claims involve the denial of retirement and/or welfare plan benefits, or any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), such claims are preempted by ERISA.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred in whole or in part by the New York State Workers' Compensation Law.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

Defendants reserve the right to later amend this pleading by asserting additional defenses and/or by otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, defendants Schwartzberg Associates, LLC, and Cypress Administrative Services, LLC, demand judgment against plaintiff dismissing the Complaint in its entirety and with prejudice and awarding defendants their costs, attorneys' fees and such other and further relief as the Court deems just and proper.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendants Schwartzberg
Associates, LLC, and Cypress
Administrative Services, LLC,

Dated: January 16, 2008

By: s/ Lynelle J. Slivinski
Lynelle J. Slivinski (LS 1210)
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314

5427424.1 (OGLETREE)